The petitioner will be remanded to the custody of the warden.

Edgar B. Kinkead, for petitioner.

J. K. Richards, Attorney-General, *contra*.

---

## BILLS OF EXCEPTIONS.

219

[Hamilton Circuit Court, January Term, 1891.]

Cox, Smith and Swing, JJ.

\*J. P. SEDAM v. CATHARINE MEEKSBACK.

1. QUESTIONS AS TO BILL OF EXCEPTIONS MUST BE DETERMINED BY THE TRIAL COURT; RECORD OF ITS ALLOWANCE IS CONCLUSIVE.

In an error case pending in the circuit court, a motion to strike from the files thereof a bill of exceptions, which the transcript of the journal entries made in the court of common pleas shows was duly and regularly signed and allowed by such court, should not be granted on the grounds: 1st, that as alleged, it does not truly state what occurred at the trial, and was improperly obtained; or 2nd, that it was signed by the trial judge by mistake, he not knowing what it contained when he signed it; or 3rd, that the attorneys for the plaintiff in error improperly withdrew it from the files after it was signed, so that it could not be amended by the judge at the term at which it was signed, or 4th, that it was not presented to the attorney of the defendant in error as the statute requires. These are questions which in the first instance must be determined by the trial court, and while the record of such court shows an allowance of that bill, this is conclusive while such record stands.

2. WHERE MOTION FOR NEW TRIAL IS FILED AFTER THREE DAYS, REASON MUST APPEAR ON THE JOURNAL.

If the court allows a motion for a new trial to be filed after three days, because unavoidable accident had prevented it before, this must appear on the journal. A mere statement in the bill of exceptions of such allowance will not avail.

3. PROVISIONS FOR SUBMISSION OF BILLS TO OPPOSITE COUNSEL APPEAR MANDATORY.

The provisions of secs. 5298, 5301 and 5302, Rev. Stat., as amended April 25, 1890 (Ohio L., vol. 87, p. 206), seem to be mandatory in their character, and to require that a bill of exceptions not taken during the progress of the trial, shall be submitted, by the party excepting, to opposing counsel for examination, not less than ten days before the expiration of forty days from the end of the term at which the verdict was rendered, or the decision (including the overruling of a motion for a new trial), was made, and to the trial judge, for his signature, not less than five days before the expiration of said forty days.

4. PROBABLE THAT BILLS WOULD BE STRICKEN FROM FILES IF NOT SO SUBMITTED.

Whether, if not so presented to opposing counsel as the statute provides, or a reasonable effort be not made to comply with this requirement, the court should refuse to sign the bill, or if signed and allowed without it having been done or waived in some way, the opposing party is entitled, on proper application to the court which so allowed it, to have the entry of the allowance stricken out, is not presented in this case, and is not decided—though it is probable that if such state of fact were shown, and it appeared that the person objecting was without fault or laches on his part, the court would be justified in granting the application.

---

\* This decision, as to sec. 5302, Rev. Stat., requiring bill of exceptions to be submitted to counsel, is cited in State ex rel v. Pugh, *post*, 707; and is cited as authority in C. H. & D. R. R. Co. v. Morris, 6 Circ. Dec., 640, as to approval of trial judge.

**5. JOURNAL ENTRY SHOULD SHOW BILL SUBMITTED OR WAIVED.**
In view of these new provisions and requirement of the statute, it would seem to be good practice for the court allowing such bill, to have the journal entry show that they had been complied with, or waived, or that for sufficient reasons it could not be done.

Error to the Court of Common Pleas of Hamilton county.

Motion to strike bill of exceptions from the files.

SMITH, J.

The reasons assigned in support of the motion are, (1st) that the bill of exceptions does not truly state what occurred at the trial of the case, and that it was improperly obtained; (2nd) that it was signed by the trial judge by mistake, and that he did not know what it contained when he signed it; (3rd) that the attorneys for the plaintiff in error improperly withdrew it from the files after it was signed, so that it could not be amended by the judge at the term at which it was signed, and (4th) that it was not presented to the attorneys for defendants in error, as the statute requires.

We think it clear that when the journal entry in the trial court shows that a bill of exceptions has been duly signed, and allowed by the judge, and properly filed, that the reviewing court should not hear or determine the question whether by mistake or otherwise, it contains matter which should not have been therein. The judge has certified that the bill signed by him is correct, and has ordered it to be filed. If it was incorrect, or was improperly obtained from him, and the order setting out its signing, and allowing it to be filed, was for any cause improperly placed on the journal, that question must (primarily at least) be settled in that court. Nor is the fact that the bill was improperly taken from the files by counsel, after it was signed, any reason why a reviewing court should strike it from the files of that court.

The objection made to this bill as containing statements which are alleged to be untrue, and which the trial judge did not know were contained therein, when he signed it, are, that it states that a motion for a new trial was not made within three days as required by law, and that the court had found that the plaintiff in error had been prevented by unavoidable accident from doing so. In our judgment this is not a matter of moment. A bill of exceptions is not the place for a finding by the court of a fact of this kind. It should appear upon the journal, when a motion has been made on this ground, to allow the motion for a new trial to be filed, after the three days, and such motion has been granted. We have held that if in fact no motion for a new trial was made or overruled, as shown by the docket and journal entries, that the statement in a bill of exceptions that it was done would not avail. So here. The record shows the filing of the motion for a new trial long after the time fixed by the statute—and that as is claimed by counsel for the defendant in error, no leave to do this by the court is shown, and that there is no finding by the court on the journal that the person moving for a new trial was unavoidably prevented from doing so within the three days allowed. This, we think, is requisite, and if the error assigned is that the verdict was against the evidence, the bill of exceptions raising that question would not be of any avail in the reviewing court. But a bill of exceptions may be taken to raise certain questions of law without any motion for a new trial, and as this may be so here, the motion to strike it from the files on the grounds before stated, will be overruled.

The fourth ground of the motion raises an important question of law and of practice. Our statute as to bill of exceptions, as amended April 15, 1890, O. L. 87-206, sec. 5298-5301 and 5302, Rev. Stat., provides substantially, that if the bill of exceptions is not taken and signed during the progress of the trial, it must be done not more than forty days after the term at which the decision or verdict complained of was rendered or returned. That it shall be submitted to opposing counsel for examination not less than ten days before the expiration of said forty days, and that it shall be submitted to the trial judge for signature not less than five days before the expiration of said forty days. And it was then provided that

the trial judge in his discretion might extend the time for signing the bill for a period not exceeding ten days beyond the expiration of said forty days, which extension was to be endorsed by the judge on said bill.

In this case it is claimed that the bill proposed or signed was never submitted to the opposing counsel, but was in effect concealed from them. Two questions then arise as to this, viz.: 1st, whether the provision as to the presentation of the bill to opposing counsel is mandatory, and a failure to do so will invalidate it, if signed by the court; and 2nd, how or where the question is to be raised. The requirement is entirely new in our legislation, and we know of no practice or decision under, or upon it. The almost uniform practice of courts hitherto, as we understand, has been to require the party presenting the bill, to submit it to counsel on the other side before a signing by the court, if it could be done; but we suppose that this was not obligatory, and if signed by the trial judge without this having been done, that the bill was valid. But now the statute seems to make it mandatory, and it is certainly the duty of courts to see that it be complied with, if it can be done. If on account of the absence of opposing counsel, or other good reason, it can not be done, we suppose that a fair and reasonable attempt to comply, would be sufficient, as by depositing it with the clerk of the court, and notifying counsel, if practicable. But suppose the provision as to its being submitted to opposing counsel for examination is disregarded, and the bill is signed by the judge, and an entry made on the journal as to its signing and allowance, there being nothing in the record to show that the bill had not been submitted to counsel, can it be objected in the reviewing court when a petition in error is filed based on such bill, that the proper steps were not taken in its allowance? We think not. The journal entry of the trial court that it was duly signed and allowed, while such entry stands, would seem to be conclusive of that fact upon the reviewing court.

How then can it be raised? If the opposing counsel has actual notice that the bill was in the hands of the trial judge for examination and signature, and made no objection on the ground that it had not been shown to him as required by the law, but allowed the journal entry of its allowance to be made without objection, a court would be slow to hear his complaint on this ground afterwards. But if without knowledge or laches on his part, he finds a bill signed and allowed by the court, we think he might properly raise the question by a motion filed at the term at which the entry was made to strike out such entry, or, if not discovered in time, at a subsequent term, under the sections of the statute which authorize courts, after the term at which a judgment or order was entered, to vacate or modify the same for irregularity, or fraud, it may be, in obtaining such order. And if the entry allowing the bill of exceptions be vacated, of course the bill of exceptions would fall with it. This mode of proceeding would give both parties an opportunity of being heard on the motion, and to prosecute error to the decision made.

We may further say that in view of these new provisions, it would seem to us, that while it may not be necessary to do so, that it would be much the better practice, that the journal entry of the allowance of the bill, should show that it had been duly presented to counsel and the court, according to the requirements of the statute. In this way the attention of the court and counsel would be called to these provisions, and care be taken that they be complied with, and the facts be thus settled, so far as such an entry can do so. But in view of what has been said, the motion to strike the bill from the files will be overruled.

I. R. Thompson, for the motion.

Shay & Cogan, *contra.*